IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BENNIE MITCHELL, #278318, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARY COLEMAN of the Central )<br>Grievance Office; ANGELA )<br>HARDIN, the ICG of Kershaw )<br>Correctional Institution; SOUTH )<br>CAROLINA DEPARTMENT OF )<br>CORRECTIONS DIRECTOR, )<br>JON OZMINT, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 0:05-3255-CMC-BM<br><br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), originally filed this action in the South Carolina Court of Commons Pleas. It was removed to this Court by the Defendants based on federal question jurisdiction. See 28 U.S.C. §§ 1331 and 1446.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 17, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 23, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants'

1



motion on March 3, 2006. Defendants' motion is now before the Court for disposition.[1]

**Background**

Plaintiff alleges in his unverified Complaint[2] that he has submitted three "legitimate grievances" pursuant to SCDC policy in which he claims that he is being denied adequate access to the courts. Plaintiff has attached to his Complaint three Step 1 grievances forms. The first grievance form is dated July 27, 2005, and complains that the Department of Corrections has deliberately failed to answer Plaintiff's Step 2 grievance within the prescribed time limit. The "Action Taken by IGC" section of this Step 1 grievance reads as follows: "After conferring with Central Grievance, this grievance is being returned unprocessed per Mary Coleman. The grievances in question have been processed. It appears that you are merely filing these grievances in order to irritate. If you continue to file grievances of this nature, you may be considered for grievance limitation." In the second Step I grievance form, also dated July 27, 2005, Plaintiff complains that the Department of Corrections has deliberately failed to answer his Step 1 grievance submitted November 1, 2004. The "Action Taken by IGC" section of this grievance has the same response as Plaintiff's first grievance. The third Step 1 grievance form attached to Plaintiff's Complaint, which is again dated July 27, 2005, states that the Department of Corrections has deliberately failed to answer Plaintiff's Step 1

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, in this case the Plaintiff has filed an *unverified* Complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case.

2



grievance submitted December 13, 2004. The "Action Taken by IGC" section of this grievance contains the same response as the other two grievances.

In support of summary judgment in the case, the Defendant Mary Coleman has submitted an affidavit wherein she attests that she is employed by the SCDC as Chief of the Inmate Grievances Branch (IGB). Coleman attests that on July 28, 2005, the inmate grievance coordinator at KCI received three Step 1 grievances from the Plaintiff, which he filed on July 27, 2005. Coleman attests that these grievances were assigned Grievance Nos. 1089-05, 1090-05, and 1091-05. Grievance 1089-05 alleged that the SCDC had failed to answer Step 2 of a previous grievance Plaintiff had filed, Grievance 589-04. Coleman attests, however, that Step 2 of Grievance 589-04 was responded to on July 1, 2005, and that Plaintiff appealed that result to the administrative law court. Coleman attests that Grievance 1089-05 was therefore returned to the Plaintiff unprocessed with a notation that Grievance 589-04 had been processed.

Coleman attests that Plaintiff filed Grievance 1090-05 alleging that the SCDC had failed to answer his Step 1 grievance filed November 1, 2004, which he claims was resubmitted after he received a response to his Grievance 481-04. Coleman attests, however, that the only grievance Plaintiff filed on November 1, 2004 was Grievance 481-04, which was a duplicate of another Grievance Plaintiff had filed, Grievance 458-04. Coleman attests that Grievance 458-04 was still pending when Plaintiff filed Grievance 481-04. Coleman attests that both Grievance 481-04 and Grievance 1090-05 where therefore returned to the Plaintiff as duplicative grievances because they raised issues that were previously addressed in other grievances. Coleman attests that Grievance 458-04 has been appealed by the Plaintiff to the administrative law court.

Finally, Coleman attests that Plaintiff filed Grievance 1091-05 alleging that the



SCDC had failed to answer his December 13, 2004 grievance, 662-04, which concerned an overdue response to yet another Grievance 458-03-LY. Coleman attests that both Grievance 662-04 and Grievance 1091-05 were returned to the Plaintiff unprocessed since Plaintiff received the SCDC's final response to Grievance 458-03-LY on November 2, 2004. Coleman attests that Grievance 458-03-LY was appealed to the administrative law court, and was denied on June 27, 2005.

Coleman attests that duplicate grievances filed by any inmate are returned unprocessed with a notation explaining why the grievance was not processed. Coleman has attached to her affidavit as exhibits copies of Plaintiff's inmate grievance forms, which she attests are maintained by her office in the ordinary course of business. See generally, Coleman Affidavit, with attached Exhibits.

The Defendants have also submitted an affidavit from Janice Kenealy, who attests that she is employed by the SCDC in the Inmate Records Office, which is responsible for maintaining copies of institutional records for all inmates within the SCDC. Kenealy attests that she has attached to her affidavit copies of documents maintained in the Plaintiff's inmate record, which are kept by her office in the ordinary course of business. See Kenealy Affidavit, with attached Exhibits.

Plaintiff did not submit any exhibits with his response to the Defendants' motion for summary judgment, but argues in his memorandum that the three grievances at issue have never been "rightfully addressed". Plaintiff argues that these grievances were not duplicative of previous grievances, but were separate grievances complaining about the SCDC's failure to properly answer or respond to his previous grievances.



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the arguments and evidence provided to this Court, the undersigned finds and concludes that Plaintiff's claims are without merit, and that the Defendants' motion for summary judgment should therefore be granted.

First, Plaintiff has failed to make any specific allegations against any of the three individuals named as Defendants in this case. Since the disposition sections of the three grievances at issue were all signed by the Defendant Hardin, it could be assumed for purposes of summary judgment that Hardin was the individual who carried out the allegedly improper actions set forth in Plaintiff's Complaint. However, the other two Defendants are not mentioned anywhere in Plaintiff's Complaint, and it is well settled that the doctrine of vicarious liability and the doctrine of



respondeat superior are not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Unless a Plaintiff alleges specific wrongdoing on the part of a named Defendant, that Defendant may not be held liable for the acts of others.[3] Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubby v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992). Therefore, the Defendants Coleman and Ozmint are entitled to summary judgment even if the claims made against the Defendant Hardin are allowed to proceed.

Further, even if the Court can assume that the Defendant Hardin is a proper party Defendant in this case, the fact remains that Plaintiff has failed to set forth any claim of a constitutional magnitude. To recover on a claim for denial of access to the courts (which is what Plaintiff asserts in his Complaint), a prisoner plaintiff must demonstrate an actual injury resulting from the allegedly offending official conduct. See Strickler v. Waters, 989 F.2d 1375, 1382-1383 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.

---

[3] This does not mean supervisory officials may never be held liable in a § 1983 action. While Coleman and Ozmint may not generally be held liable for the acts of their employees or subordinates, they may be held liable if the actions alleged to have occurred were the result of an official policy or custom for which they were responsible. See Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)). However, there is no unconstitutional policy in effect here for which these two Defendants could be held liable. In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).



1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Hause v. Vaught, 993 F.2d 1079, 1084-1085 (4th Cir. 1993); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) [Dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury]. Plaintiff has failed to set forth any evidence, or even to make any allegations, concerning any injury he has incurred as a result of the Defendant's conduct.

Finally, in the event Plaintiff has intended to instead complain about the access he has been given to the prison grievance system itself, this is not a claim cognizable under 42 U.S.C. § 1983, as there is no constitutional right to access to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994); Baker v. Rexroad, 159 Fed.Appx. 61, 62 (11th Cir. Oct. 20, 2005) ["…we agree with other circuits that have held that these (inmate grievance) proceedings are not constitutionally mandated."], rehearing and rehearing en banc denied, __ F.3d __ (11th Cir. 2006); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) [existence of a prison grievance procedure does not confer any substantive right upon inmates]; Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994) [inmates do not have a constitutionally protected right to a grievance procedure]; Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) [even where a state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim]; Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986) [holding that an inmate grievance procedure is not constitutionally required]; see also McGuire v. Forr, 1996 WL 131130, at *1 (E.D.Pa. March 21,



1996), aff'd, 101 F.3d 691 (3d Cir. 1996) [creation of a grievance system by a state does not create any federal constitutional rights, as prisoners are not constitutionally entitled to a grievance procedure]; Moore v. Sergent, No. 01-1271, 2001 WL 1355298 (6th Cir. Oct. 26, 2001); *cf*. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) [prison officials may place reasonable limits on prisoner's access to grievance procedure].  In any event, Plaintiff can hardly complain that he has been denied access to the prison's grievance system, as the material submitted to the Court clearly shows that he has pursued grievances under this system on numerous occasions. Further, the very fact that Plaintiff is in Court litigating this issue shows that he has not been denied access to the courts.

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 27, 2006

8



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

