IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Bennie Mitchell, # 278318,**           ) | **Civil Action No. 0:05-3255-CMC-BM** |
|                                            ) | |
| **Plaintiff,**           ) | **OPINION and ORDER** |
|                                            ) | |
| v.                                         ) | |
|                                            ) | |
| **Mary Coleman of the Central Grievance Office;**           ) | |
| **Angela Hardin, the ICG of Kershaw**           ) | |
| **Correctional Institution; South Carolina**           ) | |
| **Department of Corrections Director,**           ) | |
| **Jon Ozmint,**           ) | |
|                                            ) | |
| **Defendants.**           ) | |
|                                            ) | |

      Plaintiff, a state inmate, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Originally, this case was filed in the South Carolina Court of Common Pleas, but was removed to this court by Defendants based on federal question. Defendants filed a motion for summary judgment on February 17, 2006. Plaintiff was advised by court order of the summary judgment procedure and possible consequences if he failed to respond adequately to the motion. On March 3, 2005, Plaintiff filed a response to the motion for summary judgment.

      In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation.

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

On March 27, 2006, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this case dismissed. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

After reviewing the Complaint, the motion, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment is **granted** and this case is **dismissed with prejudice**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 27, 2006

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\~2820932.wpd